**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT<br>A Texas Limited Liability Partnership,<br><br>PLAINTIFF,<br><br>VS.<br><br>MILLER ISAIAH TIMMONS, THINK<br>ART MEDIA (d/b/a ANIMELAND) AND<br>DOES 1 - 10<br><br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO.: 1:13-cv-00533 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Funimation Entertainment, by its attorney, files this Original Complaint and for cause, respectfully shows the Court as follows:

**INTRODUCTION**

1.      This is an action for copyright infringement by Plaintiff Funimation Entertainment seeking damages and injunctive relief arising from Defendants' knowing authorization of repeated sales of unlawful copies of merchandise at conventions managed by Defendants. The unlawful copies at issue are so clearly based on Plaintiff's animated motion pictures and characters from Plaintiff's motion pictures that convention merchants refer to the products by the titles of the corresponding motion pictures or the names of the corresponding characters.

2.      Because of repeated warnings to Defendants by Plaintiff's personnel and because of Defendant Timmons' brazen response to these warnings, (e.g. "You can't be at every

convention,"[1]) this infringement should be deemed willful in nature, entitling Plaintiff to enhanced damages. Plaintiff is seeking statutory damages, attorney's fees and injunctive relief.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal law. Specifically, this action arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). Additionally, the Court has jurisdiction under 28 U.S.C. § 1338(a), which expressly confers original jurisdiction on a district court hearing a claim related to copyrights.

4.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. One location in which these events occurred was the Red Lion Hotel ("Denver Southeast"), located at 3200 S. Parker Rd., Aurora, Colorado. Another is the Doubletree Hotel By Hilton at 3203 Quebec St., Denver, Colorado.

5.  This Court has personal jurisdiction over Defendants because Defendants' recurring acts of copyright infringement occur in this District and because Defendants repeatedly travel to this District wherein they operate the conventions at issue.

## PARTIES

6.  Plaintiff is an entertainment company, which produces, markets and distributes popular animated motion pictures and other media in the United States and numerous other territories. The majority of Plaintiff's catalog consists of animated motion pictures known as *anime*. Anime is a style of animation originating in Japan that was initially characterized by stark colors and high-action. Many of Plaintiff's titles are well known and easily recognizable in the

---

[1] Though the actual phrasing may have varied slightly, the statement was clearly intended to convey the idea that Defendant Timmons had no intention of ceasing his activities unless Plaintiff's agents were physically present.

United States. These titles include Dragon Ball Z, One Piece, Fairy Tail, Fullmetal Alchemist and Evangelion. Plaintiff's titles have regularly broadcast on many major networks in the U.S., including FOX, Nickelodeon, IFC, Spike and Cartoon Network. Additionally, Plaintiff's copyrighted content has served as the source for countless different types of merchandise, including action figures, collector figurines, toys, clothing, accessories, plush toys, posters, wall scrolls and much more.

7. Plaintiff is the exclusive U.S. distributor and copyright owner of the motion pictures in question and the adapted works of merchandise derived therefrom. The motion pictures in question have been duly registered with the U.S. Copyright Office. Representative registrations relevant to the instant case include PA0001396758 for Fullmetal Alchemist and PA0000802357 for Dragon Ball Z.

8. Defendant Miller Isaiah Timmons is an entrepreneur from Tucson, Arizona. Plaintiff first became acquainted with Defendant Timmons several years ago from repeated adversarial convention encounters with him and his "Stuck-on-Anime" vinyl decal business. The majority of vinyl decals created and sold by Timmons were derived from popular anime titles, including those of Plaintiff, without Plaintiff's authorization. Other decals embody characters and logos appropriated from Nintendo, Microsoft (Halo), and Hasbro (Transformers). On information and belief, Timmons does not and has never owned a valid license to sell decals associated with the intellectual property of any of the aforementioned companies. Employees of Plaintiff, as well as employees from other anime studios, have repeatedly informed Timmons of the illicit nature of his products. But unlike many other purveyors of counterfeit merchandise confronted by industry personnel, Timmons has not so much as feigned ignorance even once.

9. From at least December 2005 to November 2009, Timmons also sold his

counterfeit decals online through his "thinkmedia" eBay store. On information and belief, Defendant Timmons ceased these sales in 2009 due to increased pressure from the entertainment industry and then shifted his efforts into promoting and operating his *own* anime conventions, wherein counterfeit merchandise may be sold by himself and others with impunity.

10. Animeland is the name of the entity by which Defendant Timmons runs five different anime conventions around the country, including this District.

11. Think Art Media is the name of the parent entity of Animeland as well as the business name by which Timmons sold/sells unauthorized vinyl decals. This business is also known as Stuck-on-Anime.

12. Does 1 – 10 represent parties seen working with Defendants who have knowledge of the infringement at issue and/or have maintained willful blindness to the infringement and/or profit from the infringement.

**COUNT I: CONTRIBUTORY INFRINGEMENT LIABILITY**

13. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 12 as if fully set forth herein.

14. Defendants created, organized, and marketed the convention known as Animeland Wasabi held at the Red Lion Hotel ("Denver Southeast") at 3200 South Parker Road, Aurora, Colorado, on or about March 2011 and March 2012.

15. At or near the aforementioned times and location, various merchants distributed merchandise based on the characters, themes, elements and stories from Plaintiff's copyrighted works.[2] On information and belief, these goods, which themselves constitute unlawful derivative works or infringing copies, were created and/or reproduced and/or imported by the same

---

[2] Examples include pocket watches depicting characters and symbols from Fullmetal Alchemist along with a toy box including "Dragon Balls" in the distinct Dragon Ball Z yellow with arrangements of red stars.

merchants. In doing so, these merchants violated Plaintiff's exclusive rights under 17 U.S.C. § 106. Because of the elusive and changing nature of many of these merchants, none are defendants at this time.

16. With knowledge of these activities and circumstances, Defendants provided the venue, utilities and marketing services for these merchants. Defendants also approved and oversaw these merchants before, during and after the activities in question. Upon being reminded of the infringing nature of certain goods being sold, Defendants instructed convention staff specifically not to take any action to remedy the infringing activity. This behavior of supporting and encouraging infringing activity with knowledge of its occurrence is sufficient for Defendants to incur liability contributory infringement liability themselves.

17. Defendants' conduct has caused significant harm to Plaintiff's business as well as the businesses of Plaintiff's authorized merchants. Defendants' conduct has also harmed the value of Plaintiff's intellectual property and will continue to cause such harm if Defendants are not enjoined. As a result of Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief and damages.

## COUNT II: VICARIOUS INFRINGEMENT LIABILITY

18. Plaintiff realleges and incorporates by reference as if fully set forth herein the allegations of paragraphs 1 through 17 above.

19. Defendants charge each merchant a substantial fee for space at the Animeland Wasabi convention to sell merchandise to consumers. Defendants also charge consumers an admission fee to attend the convention and purchase said merchandise. Part of the allure for merchants to purchase space at this convention is the implicit understanding, if not the express authorization, that selling counterfeit merchandise there is acceptable. Part of the allure for

consumers to attend the convention is the expectation of purchasing extremely inexpensive merchandise.[3] Because Defendants are increasing their profits, both from merchants and consumers, by allowing this infringing activity, while having the absolute right and ability to control this activity, Defendants are vicariously liable for the infringement.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. enter final judgment that Defendants are contributorily and vicariously liable for acts of merchants at their convention that directly infringe Plaintiff's copyrights.

B. issue preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 against Defendants and their respective officers, agents, employees, and all other persons in active concert, cooperation, privity or participation with them, requiring that they cease and desist from further infringement of Plaintiff's copyrights in its Works, and barring them from directly or indirectly infringing Plaintiff's copyrights or continuing to use, market, offer, sell, display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrights or to participate or assist in any such activity;

C. issue preliminary and permanent injunctive relief, pursuant to 17 U.S.C. § 503, against Defendants and their respective officers, agents, employees, and all other persons in active concert, cooperation, privity or participation with them, enjoining them to deliver under oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies,

---

[3] This is not to say that convention goers are always aware of the counterfeit nature of the goods that they are purchasing, only the awareness of the to-good-to-be-true prices.

derivatives or duplicates of any work shown by the evidence to infringe upon any of Plaintiff's copyrights;

D. award Plaintiff, pursuant to 17 U.S.C. § 504, statutory damages attributable to the infringement of Plaintiff's copyrights;

E. issue an order requiring Defendants to deliver to Plaintiff at Defendants' cost, all items containing infringing elements of Plaintiff's Works at the conclusion of the present matter;

F. award Plaintiff its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. §§ 1117(a) and 1125(c)(2);

G. award Plaintiff its costs of suit incurred herein; and

H. grant Plaintiff such other and further relief as it deems just and equitable.

Respectfully Submitted,

s/ *E. F. Stone*

Evan Stone
Stone & Vaughan, PLLC
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas  76201
Phone: 469-248-5238
E-mail: evan@stonevaughanlaw.com