IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-00533-MSK-MJW

FUNIMATION ENTERTAINMENT,
     Plaintiff,

v.

MILLER ISAIAH TIMMONS;
THINK ART MEDIA d/b/a Animeland, and
DOES 1-10,

     Defendants.

_____

OPINION AND ORDER DENYING REQUEST FOR ENTRY OF CONSENT DECREE
_____

THIS MATTER comes before the Court *sua sponte*.

According to the Complaint (# 1), the Plaintiff is the holder of copyrights in various works of animated motion pictures.  Through the Think Art Media entity ("Think Art") that he owns, Defendant Miller Isaiah Timmons sells vinyl decals featuring characters and logos from the Plaintiff's copyrighted works, albeit without the Plaintiff's authorization.  In addition, Think Art hosts several animation conventions at which Mr. Timmons and other vendors sell merchandise that infringes upon copyrights owned by the Plaintiff.  The Plaintiff brought two claims against the Defendants, both sounding in copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

In May 2014, the parties filed a "Stipulation to Entry of Consent Decree" (# 45).  Neither the caption nor the body of that pleading requests any particular relief; nevertheless, the Court assumes that the parties intended it to be treated as a motion for entry of a Consent Decree on the terms contained in the parties' stipulation.   Specifically, the parties stipulate that: (i) Mr.

Timmons denies liability on the claims alleged in the Complaint; (ii) Mr. Timmons will post disclosures on his conventions' websites stating that the sale of merchandise infringing the Plaintiff's copyrights will not be permitted; (iii) Mr. Timmons will permit an "infringement monitor" to attend each of his conventions for a three-year period; (iv) that monitor will follow certain specified "protocols" set forth in the Stipulation (and certain "further specifications" that the parties with "set forth in a separate settlement agreement") that permit the monitor to inspect and possibly seize merchandise that the monitor and Mr. Timmons agree infringe on the Plaintiff's copyrights; (v) that "Judgment shall be entered upon this Consent Decree"; and (vi) that the Court shall retain "jurisdiction of the parties for purposes of enforcement" of the Consent Decree.

Having had the opportunity to consider that filing, the Court finds that it is not able to grant such relief for several reasons.  At heart, a Consent Decree is a contract between two parties, albeit one which takes on the character of an injunction and is enforced by a court through the power of contempt, rather than through the traditional route of the aggrieved party bringing a separate suit to enforce the contract's terms.  *See Kasper v. Board of Election Commissioners*, 814 F.2d 332, 338 (7th Cir. 1987).  However, "a federal court is more than a recorder of contracts from whom private parties may purchase injunctions."  *Id.*  Thus, when presented with a request to enter a Consent Decree, "the judge must satisfy himself that the decree is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the court's limited resources."  *Id.*  Here, the Court finds the proposed Decree inadequate in several respects.

First, the Court finds that there has been no meaningful showing that the Plaintiff's copyright claims are colorable, much less significant enough to warrant three more years of

judicial supervision of this matter.  The Defendants have filed an Answer denying the Complaint's assertions and raised affirmative defenses that (among others) the Plaintiffs' works have not been registered for copyright purposes and that the works are not entitled to copyright protection.  No dispositive motions were filed, and almost immediately upon the Defendant's counsel's entry of appearance in January 2014, the parties moved **(# 42)** to delay completion of discovery to instead focus on settlement negotiations.  The instant Stipulation followed a few months later, with no intervening docket activity in the case.  Thus, at this stage, the contours and weight of the Plaintiff's claims (and the Defendants' defenses) remain unknown to the Court, measured only by the Complaint's allegations and the Answer's denials.  The Court is not prepared to pledge several years of its attention and resources to the enforcement of a settlement of claims whose underlying merit went entirely unexamined by the Court itself (and particularly where, in the Consent Decree itself, the Defendants deny any liability to the Plaintiff).  Given the already scarce resources of the Court to handle cases actually requiring judicial resolution, pledging resources to monitor the settlement of a case of entirely unknown and disputed merit is not appropriate.

Second, the Court finds that the proposed Decree fails to adequately protect the rights of non-parties, namely, the vendors attending Mr. Timmons' conventions.  The proposed Decree purports to empower the monitor and Mr. Timmons to inspect the wares peddled by every vendor at each convention.  If the monitor and Mr. Timmons agree that the vendor's merchandise infringes the Plaintiffs' (alleged) copyrights, the monitor is authorized to seize the allegedly infringing merchandise, to retain it for a period of at least six months, and to return it to the vendor only upon the vendor making a "showing of genuineness."  (The Decree does not identify who the arbiter of such "genuineness" will be, nor what standards that person will

apply.)  If the monitor and Mr. Timmons disagree as to the merchandise's infringing character, the Decree requires that "the vendor shall, at a minimum, cease and desist display and sales of those goods for the remainder of the trade show or event."  Neither provision offers the vendor an opportunity to be heard prior to the monitor's invocation of such rights, nor grants them any procedural protections against improper seizures or restraints initiated by the monitor.[1]  Indeed, the latter provision permits the Plaintiff to unilaterally halt sales of any merchandise, even where there may be a colorable dispute over whether the merchandise is indeed infringing.

Moreover, the Decree does not seem to anticipate, much less provide standards for addressing, easily foreseeable disputes that might arise.  It may very well be that the Plaintiff's monitor declares a certain vendor's products to be infringing, despite Mr. Timmons' (and the vendor's) disagreement.  The Decree provides that the vendor must then cease all sales of that merchandise for the remainder of the convention.  But assume that the vendor refuses the monitor's instructions or returns the merchandise to the sales floor after the monitor leaves.  The Decree does not authorize the monitor to engage in self-help in such circumstances, nor does it compel Mr. Timmons to take any specific actions in aid of the Plaintiff (even if the vendor is now in breach of its contractual agreement with Mr. Timmons).  The Court can easily anticipate a request by the Plaintiff to hold Mr. Timmons in contempt for failing to diligently help the monitor secure compliance, bogging the Court down in repeated hearings over whether Mr.

---

[1]      The Decree provides that Mr. Timmons will contractually require vendors to "agree[ ] to accept the application of" the Decree's stated "protocols" as a condition of exhibiting at the conventions.  Arguably, the vendor's acceptance of such a contractual term could vitiate, to some extent, concerns that vendors' rights and interests are not adequately protected by the Decree. That is, a vendor who is fully apprised of the details of the rights claimed by the monitor under the terms of the Decree and contractually agrees to be bound by those terms can hardly be heard to complain when the monitor proceeds to exercise those rights.  However, this merely raises additional questions – about the clarity of the contractual terms that Mr. Timmons presents to vendors, about whether a vendor's consent to the terms was knowingly and voluntarily given, about the vendor's rights if the monitor attempts to exceed the contractual limitations, etc. – that threaten to multiply the nature and scope of the Court's obligations in enforcing the decree.

Timmons could have or should have done more to control a recalcitrant vendor.  The lack of meaningful terms in the Decree to anticipate and provide for such easily-anticipated circumstances is yet another factor warranting the Court's refusal to enter the Decree.

There are several other reasons that justify the Court's refusal to enter the proposed Decree as written: (i) the suggestion that the Decree will be augmented by future, as-yet-undisclosed additional agreements of the parties prevents the Court from knowing the full contours of the injunction it is being asked to enter; (ii) the Court is entering "judgment . . . upon this consent decree" without a clear indication of the nature of that "judgment" and in whose favor it is being entered; (iii) the proposed Decree does not address the resolution of the claims in the Complaint – whether they are merged into the Decree itself, whether they survive and may be sued upon in the future, etc.; and (iv) the predicate for this Court's exercise of jurisdiction over an alleged infraction that occurs at a convention outside of Colorado is dubious  For these and many other reasons, the Court finds it inappropriate to grant the parties' implicit request that the Court enter the proposed Decree.

The parties are, of course, free to reduce the Decree's terms to a contract between themselves.  The claims herein can then be dismissed (with or without prejudice, as the parties may agree), and the parties may proceed to comport themselves in accordance with that agreement, just as they would be required to do were this Court to enter the Decree.  The only difference is that, should a dispute arise over a party's performance with the contract's terms, the aggrieved party will be required to commence a suit sounding in breach of contract in the appropriate jurisdiction, rather than returning to this Court seeking a remedy in the form of contempt.  For the reasons set forth above, the Court finds this approach to be the preferable means of resolving this matter.

Accordingly, the Court construes the parties' Stipulation to Entry of Consent Decree (**# 45**) as a motion seeking such entry, and the Court **DENIES** that motion.  The deadline for the filing of dispositive motions has passed and no such motions have been filed.  *See Docket* # 44.  Thus, unless resolved by agreement of the parties, the case will proceed to trial.  Within 14 days of this Order, the parties shall either file appropriate papers to effectuate the dismissal of the claims by agreement under Fed. R. Civ. P. 41(a), or shall begin preparation of a Proposed Pretrial Order, *see Docket* # 23, and shall jointly contact chambers to schedule a Pretrial Conference.  Failure to comply may result in the Court dismissing the claims without prejudice, *sua sponte*, for failure to prosecute.

Dated this 23rd day of October, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge